J-S09008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL JAMES WILLITS | |
| Appellant | No. 1380 MDA 2015 |

Appeal from the Judgment of Sentence July 16, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0002035-2014

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 11, 2016**

Appellant, Michael James Willits, appeals from the judgment of sentence entered on July 16, 2015, in the Court of Common Pleas of Lycoming County.[1] On appeal, Willits claims that the police unlawfully entered his motel room, as they had neither a warrant nor exigent circumstances. We agree. We vacate the judgment of sentence, reverse the suppression order, and remand for further proceedings.

While on patrol, Officer Sponhouse observed Willits driving. Officer Sponhouse knew Willits had an outstanding warrant, which he confirmed by

---

[1] An Assistant District Attorney, A. Melissa Kalaus, Esquire, informed this Court by letter, dated October 29, 2015, that the Commonwealth declined to file a brief in this appeal. This Court has repeatedly criticized the Commonwealth's failure to file an appellee's brief. **See**, **e.g.**, **Commonwealth v. Pappas**, 845 A.2d 829, 835 (Pa. Super. 2004) (noting that the practice is "unacceptable").

radio was a domestic relations warrant. Officer Sponhouse did not stop Willits's car, but followed him to a nearby motel. The record is unclear, but somehow Willits arrived at the motel, parked his car, and entered his room before Officer Sponhouse arrived. Upon arrival, Officer Sponhouse went into the motel office to determine Willits's room number. The attendant directed him to room 116. Officer Sponhouse, however, observed Willits's car parked in front of room 111. There were no other cars in the vicinity. Officer Sponhouse noticed that the door to room 111 was partially open. He knocked and identified himself and pushed the door further open. No one answered. He returned the door to its original partially open position and told Officer Sommers that he was going back to the office.

Both officers believed Willits was in room 111. Officer Sommers noticed the curtains move. He then removed his taser from its holster and entered the room. He immediately saw Willits, an individual with whom he was familiar. Officer Sommers ordered Willits to the ground. Willits initially complied, but then stood up and charged the officer. A struggle ensued. The officers eventually subdued Willits.

Willits was charged with multiple offenses stemming from the incident. Prior to trial, Willits moved to suppress "any evidence seized from the motel room," as well as evidence of his "flight from the scene" based on the officer's warrantless entry into the room. After a hearing, the suppression court denied the motion. The matter proceeded to a jury trial.

A jury convicted Willits of flight to avoid prosecution, escape, and possession of drug paraphernalia. The trial court imposed an aggregate sentence of incarceration of fifteen months to four years. This timely appeal followed.

The only issue on appeal is whether there were exigent circumstances to justify the warrantless entry into the motel room. We find there were not.

Our standard of review when a defendant appeals from a suppression order is as follows. We consider only the evidence of the prosecution and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. **See Commonwealth v. Swartz**, 787 A.2d 1021, 1023 (Pa. Super. 2001) (*en banc*). Factual findings that are not supported by the evidence may be rejected as only those findings that are supported by the record are binding on this Court. **See Commonwealth v. Snell**, 811 A.2d 581, 584 (Pa. Super. 2002). We may only reverse if the trial court's legal conclusions drawn from its factual findings are in error. **See Commonwealth v. Bomar**, 826 A.2d 831, 842 (Pa. 2003).

Both the Pennsylvania and United States Constitutions protect citizens from unreasonable searches and seizures. **See** United States Constitution Amendment 4; Pennsylvania Constitution Article 1, § 8. "The protection against unreasonable searches and seizures afforded by the Pennsylvania Constitution is broader than that under the Federal Constitution."

***Commonwealth v. Dean***, 940 A.2d 514, 520 (Pa. Super. 2008) (citations omitted).

"[T]he Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant." ***Payton v. New York***, 445 U.S. 573, 590 (1980). Without exigent circumstances, a private home may not be entered to make an arrest even where probable cause exists. ***See Commonwealth v. Walker***, 836 A.2d 978, 981 (Pa. Super. 2003). A motel room is treated as a "home" for purposes of this rule.[2] ***See id***.

There are a number of factors to consider in determining whether exigent circumstances exist to justify a warrantless entry of a home. These include:

> (1) the gravity of the offense; (2) whether there is a reasonable belief that the suspect is armed; (3) whether there is a clear showing of probable cause; (4) whether there is a strong showing that the suspect is within the premises to be searched; (5) whether there is a likelihood that the suspect will escape; (6) whether the entry was peaceable; (7) the time of the entry, *i.e.,* day or night; (8) whether the officer was in hot pursuit of a fleeing felon; (9) whether there is a likelihood that evidence may be destroyed; and (10) whether there is a danger to police or others.

***Id***. (citation omitted).

---

[2] There is no question in this case that Willits was a lawful occupant of the motel room. ***See*** N.T., Suppression Hearing, 3/10/15, at 15.

The suppression court found that "[c]ertain factors favor a finding that exigent circumstances did not exist in this case." Suppression Court Opinion, 5/16/15, at 5. Specifically, the court cited that Willits "was not being sought for committing a serious crime," there was no indication he was armed, there was no indication he was a danger to anyone, and that it was "unlikely that evidence would be destroyed since … [Willits] was being sought as a result of a 'domestic relations warrant.'" *Id*.

The court also identified certain factors that favor a finding that exigent circumstances existed to justify the warrantless entry. The suppression court cited the existence of probable cause to arrest based on the warrant. The court noted the officer's "strong reason" to believe Willits was in the motel room. *Id*. In addition, Willits's car was parked in front of the room, thus "there was a likelihood that … [Willits] would escape if not swiftly apprehended." *Id*., at 5-6. The court further noted that Willits's car "was easily accessible from [the motel] room." *Id*., at 6. The court also found that Willits did not answer the door when the officer knocked, that the entry was made peacefully and during the day, and that the officers were in hot pursuit of Willits.

After examining the factors, the suppression court concluded that they weighed in favor of finding the existence of exigent circumstances to justify the warrantless entry into the room. We cannot agree with this conclusion. A

balancing of the factors does not lead us to conclude that the officers acted pursuant to any exigency.

There is no indication in the record that the officers were in hot pursuit of a fleeing Willits. Officer Sponhouse testified that he observed Willits driving and knew he had an outstanding warrant, but he did not he activate his overhead lights or siren or even attempt to pull Willits over. The record indicates that Officer Sponhouse simply followed Willits to the motel, arriving sometime after he did.

There was, as the suppression court observed, no indication that Willits was armed or a danger to anyone. The warrant was not for a violent felony, but for a *domestic relations* violation.

The two officers observed Willits's car parked directly outside the room they believed he occupied. The room, as with most motel rooms, had only one doorway to the outside. **See** N.T., Suppression Hearing, 3/10/15, at 8. We cannot see how there was any likelihood of escape. Two officers were present at the scene. Nor was there any concern whatsoever that Willits could destroy evidence.

Lastly, the entry was not peaceable. The officer entered the room with his taser drawn.

There was certainly probable cause for Willits's arrest based on the domestic relations warrant. But there were no exigent circumstances present

to justify the warrantless entry into the motel room to effectuate that arrest. The entry was illegal.

Judgment of sentence vacated. Suppression order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/11/2016